IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALICIA BUCHANAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WEST WHITELAND TOWNSHIP, et al. | : | NO. 08-0462 |

**MEMORANDUM AND OPINION**

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE October 14, 2008

Plaintiff filed a Complaint in this matter on January 30, 2008 alleging that police officers used excessive force during a traffic stop, which occurred on May 1, 2006. Specifically, she alleges that officers used a taser during the incident in violation of her civil rights. She has now filed a motion to amend her complaint to add Corporal Hubbard of Westtown East Goshen Police Department as an additional defendant.

In her motion to amend, Plaintiff alleges that she "recently learned after receiving discovery in this case from the Defendants that Corporal Hubbard was the individual at the scene who broke the plaintiff's window out." Motion to Amend at p. 2. She claims that the actions of Corporal Hubbard bear significantly on her Fourth and Fourteenth Amendment claims. Motion to Amend at pp. 2-3. In response, Defendant asserts that Plaintiff failed to assert a claim against Corporal Hubbard prior to the expiration of the applicable two-year statute of limitations and given her notice of his involvement within four months of the incident giving rise to the lawsuit, she should not be permitted to do so now.

The Federal Rules of Civil Procedure state that "leave to amend shall be freely given

when justice so requires." Fed.R.Civ.P. 15(a). However, in this case it is undisputed that Plaintiff's Motion to Amend was filed after the expiration of the applicable statute of limitations period. The amendment is therefore barred under the statute of limitations unless it is deemed timely under the relation back provision of Federal Rule of Civil Procedure 15(c). The federal rule regarding the relation back of amendments to a pleading reads as follows:

> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. Pr. 15(c). In this case the parties arguments pertain only to Rule 15(c)(3). The Third Circuit has held that Rule 15(c)(3) applies to amendments which add claims against a new party. Green v. Robinson, 112 Fed. Appx. 165, 168 (3d Cir. 2004).

It is not disputed that the claim "arose out of the conduct, transaction, or occurrence set forth ...in the original pleading". In order to satisfy the requirements of the section, Corporal Hubbard would have to have received notice within 120 days after the filing of the original complaint. Fed.R.Civ.P. 4(m). The Third Circuit has recognized that a defendant may receive either actual or constructive notice. There are two methods of imputing notice under Rule

15(c)(3). They are the "shared attorney"method, "which is based on the notion that when the originally named party and the parties sought to be added are represented by the same attorney, 'the attorney is likely to have communicated to the latter party that he may very well be joined in the action'" and the "identity of interest" method, which "means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves notice of the litigation to the other." Garvin v. Citry of Philadelphia, 354 F.3d 215, 222-223 (3d Cir. 2003).

Plaintiff contends that both the identity of interests and the shared attorney tests support the conclusion that Corporal Hubbard had notice and will not be prejudiced by the amendment. Plaintiff argues that because of Corporal Hubbard's supervisory role to the other officers at the scene, he had a sufficient nexus to ensure identity of interests. She also states that all of the Defendants in the case shared the same attorneys at one juncture in the lawsuit. Plaintiff notes that service of the Complaint was accepted on behalf of Defendant Officer Balchunis by his counsel.

However, there is no indication that Corporal Hubbard was represented by any of the attorneys involved in this action. The fact that if he is named he most likely *will* have the same counsel who is currently representing Officer Bulchunis may not be sufficient to serve as constructive notice within the 120 day period. There is no evidence that Corporal Hubbard actually consulted with an attorney prior to being named in the action. As the district court noted and the Third Circuit approved in Garvin, the applicable test "is not whether new defendants *will* be represented by the same attorney, but rather whether the new defendants *are* being represented by the same attorney." Id. at 223. As to the identity of interests, Plaintiff has also failed to

present any evidence that Corporal Hubbard would have been on notice within the required time period as a result of his working in the same police department as Officer Bulchunis. However, in this case we do not need to look further into the facts to make a determination as to whether he received constructive notice or whether he would be prejudiced.

Plaintiff does not satisfy the final requirement of Rule 15(c)(3). Plaintiff must demonstrate that the party to be added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [him]." A plaintiff's lack of information regarding a particular defendant's identity is considered a "mistake" within the meaning of Rule 15(c)(3)(B). See Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3d Cir. 1977). However, in Garvin, the Third Circuit held that "Of course an amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time." Garvin v. City of Philadelphia, 354 F.3d 215, 221 (3d Cir. 2003). "Rule 15(c)(3 ) was not intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party, nor to permit a plaintiff to engage in piecemeal litigation." Mathai v. Catholic Health Initiatives, Inc., 2000 WL 1716747, *3, Civ. A. No. 00-656 (E.D. Pa. Nov. 16, 2000).

Plaintiff alleges that "the delay in naming Corporal Hubbard as a Defendant occurred because Plaintiff did not become aware of the identity of the officer or his unconstitutional actions until fairly recently when the Plaintiff received belated discovery from Defendant Bulchunis." Motion to Amend at p. 4. She also contends that the delay is minimal because to date no meaningful discovery has taken place. There have been no depositions conducted by any party. However, the exhibits attached to Defendant's response indicate that Plaintiff was aware

(or should have been aware) of Corporal Hubbard's role in the incident even before the original Complaint was filed.

Defendant's opposition attaches a copy of a letter sent to Plaintiff's prior counsel only months after the incident giving rise to this lawsuit, well before she filed the original Complaint. The letter from the District Attorney, dated August 21, 2006, which was sent to Plaintiff's counsel indicating that there would be no criminal charges, clearly sets forth the information which Plaintiff now claims she just learned during discovery. Specifically, it included Corporal Hubbard's name, his employer and states that he broke Plaintiff's window[1]. (Defendant's Exhibit 1). In addition, Plaintiff's current counsel was also sent a copy of a police report after the filing of the original Complaint, but before the expiration of the statute of limitations, which clearly sets forth this information. (Defendant's Exhibit 4). Defendant provides in its response that Plaintiff's counsel actually discussed the fact that Plaintiff was concerned with pursuing claims only against the officers who used a taser. As a result, Defendant's counsel by way of a cover letter dated April 3, 2008, provided a stipulation to dismiss Officer Balchunis (which was not signed) and a copy of the police report, which identified Corporal Hubbard as the officer who broke the window.

All of this indicates that the failure to include Corporal Hubbard in the original complaint was not due to Plaintiff's failure or inability to identify him, but rather was based upon an initial decision not to include him in the original complaint. Plaintiff did not diligently seek to discover the identity of Corporal Hubbard within the statute of limitations period. In light of the

[1]The letter states: "After the first taser, Westown-East Goshen Police Department Corporal Timothy Hubbard broke the passenger side window and dove in through the broken window to pull out the car key." Defendant's Exhibit 1.

information provided to Plaintiff and her counsel (both former and present), the failure to sooner identify Corporal Hubbard was at best an oversight. We therefore do not find this to be a case in which Plaintiff is entitled to have the amendment relate back to the date of the original filing. Accordingly, amendment of the complaint would be futile in light of the statute of limitations and must be denied[2].

An appropriate Order follows:

[2]To the extent that Plaintiff alleges in her Memorandum that this Court verbally granted an extension of time to amend her complaint until the fact discovery deadline (Plaintiff's Memorandum at p. 3), I granted Plaintiff only permission to file a Motion for Leave to Amend should she obtain new evidence for the first time during discovery. As set forth herein, the identification of Corporal Hubbard as the individual who broke her window does not appear to be information which was just discovered.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALICIA BUCHANAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WEST WHITELAND TOWNSHIP, et al. | : | NO. 08-0462 |

**ORDER**

AND NOW, this 14th day of October, 2008, upon consideration of Plaintiff's Motion for Leave to File an Amended Complaint and the opposition filed by Defendant, Officer Robert Balchunis, IT IS HEREBY ORDERED that the Motion is DENIED.

BY THE COURT:

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE